IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Universal North America Ins. Co., | ) | C.A. No.: 4:11-2049-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Janie L. Joye, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's "Motion to Set Aside Default Pursuant to Fed. R. Civ. Pro. Rule 60(b)", docket entry #13.

The Court will treat this motion as being filed under Rule 55(c) rather than Rule 60(b). The provisions of Rule 60 apply where a judgment has been entered. Rule 55(c) refers to the procedure for setting aside an entry of default made by the Clerk of Court as was done in this case. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) ("Although we have analyzed Rule 55(c) and Rule 60(b) motions using the same factors . . . the burden on a movant seeking relief under the two rules is not the same. . . [R]ule 60(b) motions request relief from judgment, which implicates an interest in 'finality and repose,' [*see United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982)], a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.")

No response to the defendant's motion has been filed by the plaintiff, although the plaintiff has withdrawn its motion for default judgment.

The Court may set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure on a showing of good cause. The rule should be construed liberally "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc*., 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether the defendant has a meritorious defense. *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245 (4th Cir. 1974). A meritorious defense is shown where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. *Moradi*, 673 F.2d 725. The court may also consider whether or not the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *Lolatchy*, 816 F.2d at 953.

Considering this standard and after careful review of the arguments made by counsel for the defendant, the Court finds that the defendant has shown good cause and that she should be granted relief. The docket reflects that service was effected on the defendant on August 6, 2011 and that her answer was due on August 29, 2011. Defendant's affidavit indicates that she contacted the law firm representing the plaintiff on three occasions between August 15, 2011 and August 29, 2011. She states that she spoke to a legal assistant to counsel for the plaintiff on different dates on which the assistant represented that counsel would give her an extension of time to answer. She also states that she left a voice mail for counsel regarding an extension of time and also sent a handwritten note to him. Additionally, the defendant has presented a potentially meritorious defense based on a provision of the automobile policy regarding coverage of a "newly acquired auto." The defendant acted promptly to set aside the default by motion filed on October 5, 2011, after being sent a copy of the request for entry of

default on September 22, 2011. There is no showing of prejudice to the plaintiff.

Plaintiff's Motion to Set Aside Default is GRANTED. An Answer has already been filed in this case, and the case shall proceed according to the Scheduling Order entered on October 6, 2011.

**AND IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Court Judge

December 20, 2011
Florence, South Carolina